**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE**

FIRST BIOTECH INC.,

Plaintiff,

v.

UNITED STATES,

Defendant.

Court No. 26-03249

**JOINT STATUS REPORT AND PROPOSED BRIEFING SCHEDULE**

Pursuant to USCIT R. 56.2(a), Plaintiff First Biotech Inc. ("First Biotech") and Defendant United States, the parties to this action have consulted and respectfully submit the following joint status report and proposed briefing schedule:

**1. Does the Court have jurisdiction over the action?**

This action seeks judicial review of certain aspects of the determination of evasion made by U.S. Customs and Border Protection ("CBP"), Office of Trade ("OT"), Trade Remedy & Law Enforcement Directorate ("TRLED") pursuant to 19 U.S.C. § 1517(c) and the *de novo* administrative review of that determination conducted by CBP, OT, and Regulations and Rulings ("RR") pursuant to 19 U.S.C. § 1517(f) in the Enforce and Protect Act ("EAPA") investigation as to whether Plaintiff and other U.S. importers of xanthan gum evaded the antidumping duty ("ADD") order on xanthan gum from the People's Republic of China ("China"). EAPA Consol. Case Number 8144, Administrative Review Determination, Regulations & Rulings (July 7, 2026), TRLED Notice of Determination as to Evasion (Feb. 26, 2026); *Xanthan Gum China; Amended Final Determination of Sales at Less than Fair Value and ADD Order*, 78 Fed. Reg. 43,143 (July

19, 2013). Plaintiff submits that this Court has jurisdiction pursuant to 19 U.S.C. § 1517(g)(1) and 28 U.S.C. § 1581(c). Defendant is unaware of any basis to challenge the jurisdiction at this time.

**2. Should the case be consolidated with any other case, or should any portion of the case be severed, and the reasons for such severance?**

First Biotech's position: First Biotech submits that this case should not be consolidated with any other case, and in particular not be consolidated with *Deosen USA, Inc v. United States*, CIT Case No. 26-03504 CRK. In that case, a second importer, Deosen USA, also challenges CBP's determination in EAPA Consol. Case Number 8144, in which CBP also concluded that Deosen evaded ADD by declaring an incorrect entered value to CBP. While CBP's decisions with respect to First Biotech and Deosen were based on a consolidated administrative record, each case involves completely separate facts and CBP findings. The possibility exists that this Court could issue a final decision in its first opinion with respect to one plaintiff, while a final decision with respect to the second plaintiff would require multiple remands before it is issued. At this time, First Biotech is not aware of any reason why any portion of this case should be severed

Defendant's position: Defendant submits that this case should be consolidated with *Deosen USA, Inc v. United States*, CIT Case No. 26-03504 CRK. Both cases challenge CBP's determination in EAPA Consol. Case No. 8144. Both cases involve evasion of the same AD/CVD order, the same product, and final determination of evasion was based on the same administrative record. At this time, Defendant is not aware of any reason why any portion of this case should be severed.

**3. Should further proceedings in this case be deferred pending consideration of another case before the court or any other tribunal and the reasons for such deferral?**

First Biotech's position: First Biotech submits that this case should not be deferred pending consideration of another case. First Biotech notes that *Neimenggu Fufeng*

*Biotechnologies Co. v. United States*, CIT Consol. Case No. 26-03423 CRK, challenges the U.S. Department of Commerce's ("Commerce") final results of the eleventh administrative review ("AR11") of the ADD order on xanthan gum from China. *Xanthan Gum from China: Final Results of ADD Administrative Review and Final Determination of No Shipments; 2023–2024*, 91 Fed. Reg. 43610 (July 16, 2026). The lead AR11 case is brought by First Biotech and its affiliated Chinese supplier, Neimenggu Fufeng Biotechnologies Co. ("Fufeng"). A consolidated AR11 case is brought by Deosen USA's affiliated Chinese supplier, Deosen Biochemical (Ordos) Ltd. ("Deosen"). In AR11, Commerce concluded that in light of CBP's EAPA decision, the mandatory respondents, Fufeng and Deosen, did not act to the best of their ability when they reported entered value to Commerce, and for that reason, Commerce calculated their ADD rates based on adverse facts available ("AFA"). Thus, in the event that First Biotech prevails in this appeal, Court No. 26-3249, and this Court decides that the price paid by First Biotech to Fufeng was properly declared as entered value, this Court also should decide that Commerce's decision in AR11 was not supported by substantial record evidence and was contrary to law.

By Order dated October 9, 2026, this Court in the consolidated AR11 appeal ordered that Plaintiffs (including Fufeng and First Biotech), Consolidated Plaintiffs, and Plaintiff-Intervenors shall file their Rule 56.2 motions and supporting briefs on or before Monday, December 7, 2026. Case No. 26-03423 CRK, ECF 35. Plaintiff First Biotech propose filing its Rule 56.2 motion and supporting brief in this EAPA appeal, Case No. 26-03249 CRK, on November 6, 2026, which is two weeks after this JSR is submitted to this Court. We then propose that Defendant respond by January 22, 2027, which is more than the normal 60 day response period, in light of the fact that Defendant's response to Plaintiff's opening brief in Case No. 26-03423 CRK is due February 12, 2026.

Defendant's position: Defendant does not believe that proceedings in this case should be deferred pending any other case. Defendant does not address the merits of Case No. 26-3423, separately pending before this Court.

**4. Should the Court be aware of any other information at this time?**

The parties have consulted and have agreed to a proposed briefing schedule with time periods other than the periods set out in Rule 56.2(d). Accordingly, a proposed order is attached containing the briefing schedule as proposed by the parties.

First Biotech's position: First Biotech submits that this EAPA appeal should proceed expeditiously without delay, given the prejudicial effects on Fufeng and First Biotech of CBP's EAPA determination and Commerce's AR11 determination.

In addition, on October 8, 2026, Commerce issued its preliminary results in the twelfth administrative review ("AR12") of the ADD Order on xanthan gum from China, which rejected all Fufeng data for those months of the AR12 POR which overlap with the EAPA POI, and in its place relied on total AFA. ACCESS Barcode 4959378-01-02. In its AR12 decision, Commerce relied on the identical rationale upon which it relied in AR11; that is, in light of CBP's EAPA decision Fufeng did not act to the best of its ability in AR12. Fufeng's preliminary AR12 rate is 51.82 percent, rather than the zero percent rate that would have applied relying on Fufeng data. While Fufeng recognizes that it cannot challenge the AR12 preliminary results in this Court, the fact that Commerce has cited the EAPA decision in AR12 as justification for rejecting all Fufeng data and relying on total AFA reinforces the reason why expedited resolution of Fufeng's appeal of the EAPA decision is warranted.

While sensitive to the government resource constraints generally, and the fact that there are multiple ongoing cases arising from the interrelated CBP and AR11 proceedings, First Biotech has endeavored to work out a schedule with Defendant that Fufeng expects will be adhered to without

the need for extensions.

Defendant's position: At this time, defendant is not aware of any other information relevant to this case.

**PROPOSED BRIEFING SCHEDULE**

The parties have consulted and respectfully submit that the proposed briefing schedule for the proposed consolidated action, as set forth below and in the attached proposed order, will promote efficient case management.

| **FILING** | **DUE DATE** |
|---|---|
| Plaintiff's Rule 56.2 Motions and Briefs | November 6, 2026 |
| Defendant's Response | January 22, 2027 |
| Plaintiff' s Reply | February 19, 2027 |
| Joint Appendix (to be filed by Plaintiff) | March 5, 2027 |
| Motions for Oral Argument (if any) | March 5, 2027 |

Respectfully submitted,

GRUNFELD, DESIDERIO, LEBOWITZ,
SILVERMAN & KLESTADT LLP

/s/ *Jordan C. Kahn*
Ned H. Marshak
Jordan C. Kahn*
Sarah E. Raymond

GRUNFELD, DESIDERIO, LEBOWITZ,
SILVERMAN & KLESTADT LLP
599 Lexington Avenue, 36th Floor
New York, NY 10022
(212) 557-4000
- and -
*1201 New York Ave., NW, Suite 650
Washington, DC 20005
(202) 783-6881
Fax: (202) 783-0405
Email: jkahn@gdlsk.com
*Counsel to Plaintiff First Biotech Inc.*

Dated: October 23, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. MCCARTHY
Director

/s/ Tara K. Hogan
TARA K. HOGAN
Assistant Director
Department of Justice
Civil Division
Commercial Litigation Branch
P.O. Box 480, Ben Franklin Station
Washington, D.C. 20044
Tele: (202) 616-2228
Email: Tara.Hogan@usdoj.gov

Of Counsel:

NICOLAS ALEXANDER MORALES
Staff Attorney
Department of Commerce
Office of the Chief Counsel For
Trade Enforcement and Compliance
1401 Constitution Avenue, NW
Washington, D.C. 20230
Tel: (202) 482-1439
Email: nicolas.a.morales@cbp.dhs.gov

October 23, 2026

Attorneys for Defendant

**IN THE UNITED STATES COURT OF INTERNATIONAL TRADE**

**BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE**

FIRST BIOTECH INC.,

Plaintiff,

v.

UNITED STATES,

Defendant.

Court No. 26-03249

**ORDER**

Upon consideration of the parties' joint proposed briefing schedule and pursuant to USCIT Rules 16 and 56.2, it is hereby ORDERED that briefing in this case shall proceed in accordance with the following schedule:

| **FILING** | **DUE DATE** |
|---|---|
| Plaintiff's Rule 56.2 Motions and Briefs | November 6, 2026 |
| Defendant's Response | January 22, 2027 |
| Plaintiff' s Reply | February 19, 2027 |
| Joint Appendix (to be filed by Plaintiff) | March 5, 2027 |
| Motions for Oral Argument (if any) | March 5, 2027 |

SO ORDERED.

______________________________
Claire R. Kelly, Judge

Dated:___________________________, 2026
New York, New York